E-FILED on  11/20/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PANTERRA NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONVERGENCE WORKS, LLC, and STRATEGEMA, LLC, <br><br> Defendants. | No. C-09-1759 RMW <br><br> ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS <br><br> **[Re Docket No. 11]** |

Defendants Convergence Works, LLC and Strategema, LLC, moves to dismiss the complaint for failure to arbitrate, for lack of personal jurisdiction, and for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion. The motion came on for hearing before the court on November 6, 2009. Having considered the papers submitted by the parties and the arguments of counsel at oral argument, and for good cause appearing for the reasons set forth below, the court grants defendant Strategema's motion to dismiss for lack of personal jurisdiction, grants defendant Convergence's motion to dismiss for failure to arbitrate, and otherwise declines to reach the issues raised.

# I. BACKGROUND

This dispute arises out of a Wholesale Agreement between PanTerra Networks and Convergence Works LLC. Strategema LLC is the parent company of Convergence Works LLC. PanTerra is a software developer and uses vendors to market and sell its products to end users. Convergence is an operating subsidiary of Strategema and is in the business of reselling Electronic Data Interchange services. Heyman Decl. ¶¶6-7. Pursuant to a written contract, Convergence agreed to distribute certain of PanTerra's integrated IP enterpriseclass communications services. PanTerra contends that Strategema is liable under the contract as the real party in interest, or as the alter ego of Convergence. The parties' Wholesale Agreement contains the following arbitration clause:

> 10.4 **Arbitration**. The parties will submit any dispute relating to or arising out of this Agreement to final and binding arbitration. Arbitration will take place in Santa Clara County, California. Arbitration will be conducted on a private, confidential basis by a single, neutral arbitrator agreed by the parties or, absent such agreement, appointed by the Presiding Civil Judge of the Santa Clara Superior Court upon the request of either party. The award of the arbitration will be enforceable according to the applicable provisions of the California Code of Civil Procedure sections 1280 et seq. A party may apply either to a court of competent jurisdiction, or to an arbitrator if one has been appointed, for prejudgment remedies and emergency relief pending final determination of a claim in accordance with this provisions. The appointment of an arbitrator does not preclude a party from seeking prejudgment remedies and emergency relief from a court of competent jurisdiction nor from obtaining injunctive relief in a court of competent jurisdiction and to a court of competent jurisdiction concerning equitable relief.

Heyman Decl. Ex 2. at ¶10.4. The contract is also governed by California law, without reference to conflict of laws principles. *Id.* at ¶10.3.

Plaintiff did not seek to invoke the arbitration clause after the dispute arose, and instead filed suit, asserting claims for breach of contract, fraud in the inducement, promissory estoppel and unjust enrichment. All of the claims arise out of the parties' relationship with regard to the Wholesale Agreement and its performance/non-performance. Defendants have now moved to dismiss on several grounds. Defendants first argue that the dispute between PanTerra and Convergence must be arbitrated. Second, defendants contend that the "alter ego" allegations are insufficient to state a claim against Strategema. Third, defendants contend that plaintiff has not pleaded fraud with the

particularity required under Rule 9(b). Finally, defendants argue that there is no personal jurisdiction over them.

## II. ANALYSIS

A. Personal Jurisdiction

The court will first address defendants' motion to dismiss for lack of personal jurisdiction. The California long-arm statute permits a court to exercise jurisdiction over non-resident defendants "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional inquiries under state law and federal due process merge into one analysis. *FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1441 (9th Cir. 1987). For a court to exercise personal jurisdiction over a non-resident defendant, that defendant must possess sufficient "minimum contacts" with the forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The court may exercise specific jurisdiction over a non-resident defendant when:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

Strategema contends that it has no contacts with California and has done nothing to purposefully avail itself of the benefits of the forum. Strategema argues that its internet website is passive and cannot transact business. Moreover, the contract at issue was negotiated outside of California and was to be performed outside of California, and Strategema is not a party to the contract but is instead the parent company of the signatory, Convergence.

1 Convergence argues that it has no contacts with California and that the mere inclusion of an
2 arbitration clause requiring arbitration in California is not sufficient to confer personal jurisdiction.

3 Plaintiff argues that personal jurisdiction exists here, contending that Strategema and
4 Convergence approached PanTerra, a California company whose president lives in California and
5 conducts his business in California, about a business arrangement.  PanTerra argues that Strategema
6 negotiated this business arrangement via e-mail and telephone and entered into the relationship with
7 an agreement that payment would be sent to that California entity and that any breach of the
8 agreement would be resolved in California.  Plaintiff also seeks leave to take jurisdictional discovery
9 in the event that the court finds its argument to be unpersuasive.

10 Having considered the parties' papers and arguments, the court finds that there is personal
11 jurisdiction over Convergence, but also that plaintiff has failed to establish facts supporting personal
12 jurisdiction over Strategema.

13 With regard to Convergence, the contract not only contains an arbitration clause requiring
14 arbitration of the dispute in California, it also contains a governing law provision, pursuant to which
15 California law applies to the dispute.  Thus, Convergence entered into a written contract with a
16 California entity, pursuant to which Convergence agreed that California law would govern the
17 agreement and that any dispute would be resolved by binding arbitration in California.  In doing so,
18 Convergence has purposefully availed itself of the benefits of California law such that the court may
19 exercise personal jurisdiction over Convergence on a dispute arising out of the agreement.
20 *Fireman's Fund Ins. Co. v. National Bank of Cooperatives*, 103 F.3d 888, 894 (9th Cir. 1996).

21 With regard to Strategema, however, plaintiff has failed to meet its burden of establishing
22 that the court has personal jurisdiction.  The facts recited by PanTerra – that PanTerra is a California
23 company, that its president lives in California, and that its president conducts business in California–
24 do not give rise to jurisdiction over Strategema.  Moreover, plaintiff has offered no evidence to
25 contradict the declaration of Stuart Sieger, who testified that he negotiated the agreement on behalf
26 of Convergence, that the negotiations were conducted with plaintiff's sales representative in Virginia
27 and with plaintiff's New Jersey attorney, and that no negotiations occurred with any PanTerra
28 employee in California.  Similarly, plaintiff has offered no evidence to counter the declaration of

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
C09-1759 RMW
TER                                                           4

Alan Heyman, which establishes that Strategema is a limited liability company organized under the laws of the State of New York, with its sole place of business in New York, that Strategema is a holding company for Convergence, that as the holding company it does not itself re-sell any services or conduct business directly with any service providers or end users.  The Heyman Declaration also provides evidence that a PanTerra representative from Virginia initiated the contacts that culminated in the Wholesale Agreement, that negotiations occurred between persons located in New York and Virginia, and was executed in New York and then e-mailed to PanTerra's Virginia representative.

Plaintiff's primary argument is that Strategema is the alter ego of Convergence.  The only supporting allegations, however, are a conclusory recitation of the elements for alter ego liability.  Plaintiff has alleged no facts which, if true, would establish that Strategema is the alter ego of Convergence.  Although plaintiff has argued in the alternative for leave to take jurisdictional discovery, plaintiff has failed to identify what jurisdictional discovery it proposes to conduct or to explain how that discovery would bear on the jurisdictional issue.  Under the circumstances, plaintiff's showing is inadequate.

A parent-subsidiary relationship alone is not sufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes.  *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Limited*, 328 F.3d 1122, 1134 (9th Cir. 2003).  Two exceptions to this rule are when the parent is the alter ego of the subsidiary or where the subsidiary acts as the general agent of the parent.  *Id.*  When the facts have not been sufficiently developed to enable the court to make a determination on the alter ego or agency issue, however, it may be appropriate to permit the plaintiff to engage in jurisdictional discovery.  *Id.*; *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).  But, in order to justify being allowed to conduct jurisdictional discovery, plaintiff must have a colorable basis for personal jurisdiction, i.e., "some evidence" tending to establish personal jurisdiction over the defendant.  *Google Inc. v. Egger*, 2009 WL 1228485 (N.D. Cal. 2009).  Jurisdictional discovery may be denied where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendant.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) *Chapman v. Krutonog*, 256 F.R.D. 645, 649 (D. Haw. 2009).  Here, plaintiff has failed to

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
C09-1759 RMW
TER                                         5

1  plead facts sufficient to establish personal jurisdiction over Strategema, plaintiff has failed to offer
2  any evidence to contradict the evidence submitted by defendants, and, most importantly, plaintiff
3  has failed to identify or describe the jurisdictional discovery it proposes that it be allowed to conduct
4  or explain how such discovery would illuminate the jurisdictional issues.  Under these
5  circumstances, plaintiff has not justified its request to be permitted to conduct jurisdictional
6  discovery.

7  Accordingly, the court finds that it has personal jurisdiction over Convergence but that it
8  does not have personal jurisdiction over defendant Strategema.

9  B.  Arbitration

10  There is little doubt that PanTerra's dispute with Convergence, arising out of the Wholesale
11  Agreement must be arbitrated.  The clause provides that the parties "will submit any dispute relating
12  to or arising out of this Agreement to final and binding arbitration."  Heyman Decl. Ex 2. at ¶10.4.
13  The arbitration clause is mandatory, and all parties concede that the claim must be arbitrated.  The
14  only dispute appears to be whether Strategema is required to be a party to the arbitration.

15  Arbitration agreements are enforceable under the federal arbitration act, 9 U.S.C. § 2.
16  Whether Strategema is also bound by the arbitration clause may be an issue for the court, rather than
17  for the arbitrator, to decide, but because this court lacks personal jurisdiction over Strategema, the
18  issue will have to be determined by a court who has jurisdiction over the parties.

19  Accordingly, defendants' motion to dismiss for failure to arbitrate is granted.

20  C.  Fraud

21  Defendants also move to dismiss plaintiff's second cause of action is for fraud in the
22  inducement for failure to plead the facts with the level of sufficiency required by Rule 9(b).  The
23  court does not reach this issue, however, because the claim for fraud in the inducement is an issue to
24  be determined by the arbitrator.  *Buckeye Check Cashing, Inc. v. Cardegna,*, 546 U.S. 440, 445
25  (2006).

26

27  **III.  ORDER**

28  For the foregoing reasons, the court grants defendants' motion to dismiss as follows:

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
C09-1759 RMW
TER                                                                        6

1. The court grants Defendant Strategema LLC's motion to dismiss for lack of personal jurisdiction and denies Defendant Convergence Works LLC's motion to dismiss for lack of personal jurisdiction;

2. The court grants Defendant Convergence Works LLC's motion to dismiss for failure to arbitrate; and

3. The court does not reach the motions to dismiss the second cause of action for failure to plead fraud with particularity.

Accordingly, this action is dismissed without prejudice.

The clerk will close the file.

DATED: 11/20/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
C09-1759 RMW
TER          7

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

**Jeffrey A. Topor**
Email: jtopor@snllp.com

**Peter Nathan Kessler**
Email: pkessler@lawsgr.com

**Richard D. Gallucci**
Email: rgallucci@lawsgr.com


**Counsel for Defendants:**
**Michael Li-Ming Wong**
Email: michael.wong@ropesgray.com


Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.


**Dated:**   11/20/09                              TER
                                          **Chambers of Judge Whyte**